Jonathan Shub (SBN 237708)
Kevin Laukaitis*
**SHUB LAW FIRM LLC**
134 Kings Hwy. E., 2nd Floor
Haddonfield, NJ 08033
T: (856) 772-7200
jshub@shublawyers.com
klaukaitis@shublawyers.com

*Attorneys for Plaintiff and the Proposed Class*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frank Ortega, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Frito-Lay North America, Inc.,<br><br>Defendant. | Case No.<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>Jury Trial Demanded |

Plaintiff, Frank Ortega ("Plaintiff"), through his undersigned attorneys, Shub Law Firm LLC and Sheehan & Associates, P.C., brings this Class Action Complaint against Defendant Frito-Lay North America, Inc., individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

### NATURE OF THE ACTION

1.      This is a civil class action brought individually by Plaintiff on behalf of consumers who purchased Defendant Frito-Lay North America, Inc.'s ("Defendant") "Hint of Lime" tortilla chips under the Tostitos brand ("Product"). The product is promoted as containing a "Hint of Lime", when in fact, the Product does not even contain that "hint" – it does not contain any lime at all.

2.      Defendant manufactures, markets, and sells tortilla chips purporting to contain a

1

"Hint of Lime" under the Tostitos brand.

3.     This case arises out of Defendant's deceptive, unfair, and false advertising practices regarding its "Hint of Lime" tortilla chips.

4.     The front label representations include "HINT OF LIME," a transparent cut-out of a lime wedge with several drops representing lime juice, a green and yellow color pattern, and the statement, "Here's Another Hint – Squeeze in More Flavor With Some Salsa," as seen below:



5.     The representations mislead consumers about whether or not the Product actually contains lime.

6.     Plaintiff and reasonable consumers reasonably believe, define, and assume that tortilla chips labeled as having a "HINT OF LIME" with the statement, "HERE'S ANOTHER HINT – SQUEEZE IN MORE FLAVOR WITH SOME SALSA!" contain some quantity of actual lime.

7.     In fact, the Product does not contain any lime at all.

8.     Unbeknownst to Plaintiff  and members of the Class at the time of their purchase,

and contrary to the express representations made on Defendant's front label, the Product, which claims to contain a "Hint of Lime", actually contains no lime at all. As such, Defendant's advertising and marketing campaign is false, fraudulent, deceptive, and misleading.

9. Plaintiff and members of the lass purchased the Product based on Defendant's misrepresentations, and paid a premium for Defendant's Product over comparable products that were not promoted with the same misrepresentations at issue here.

10. As a result of Defendant's unlawful and highly deceptive conduct, Plaintiff and members of the Class have been, and continue to be, harmed by purchasing the Product under false pretenses and paying more for it than they otherwise would have, if they would have purchased it at all.

11. Defendant's representations concerning the Product are unfair, unlawful, and fraudulent, and have the tendency or capacity to deceive or confuse reasonable consumers. As such, Defendant's practices violate California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"). Plaintiff also brings claims for breach of express warranty and unjust enrichment.

## JURISDICTION AND VENUE

12. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiff Frank Ortega is a resident and citizen of California.

14. Defendant Frito-Lay North America, Inc. is a Texas citizen because it has its principal place of business in Texas.

15. The parties are citizens of different states.

16. Upon information and belief, sales of the Product and any available statutory and other monetary damages, exceed the sum or value of $5,000,000.00 during the applicable statutes of limitations, exclusive of interest and costs.

17.     Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District – the purchases of Plaintiff and his awareness of the representations and omissions identified here.

18.     This Court has personal jurisdiction over Defendant because it conducts and transacts business and contracts to supply and supplies goods within California.

**PARTIES**

19.     Plaintiff Frank Ortega is a resident of Reseda, Los Angeles County, California.

20.     During the relevant statutes of limitations for each cause of action, including between May and June 2021, Plaintiff purchased the Product for personal and household consumption and use, in reliance on the representations.

21.     Plaintiff purchased the Product at stores including Target located at 8840 Corbin Ave., Northridge, CA 91324.

22.     Plaintiff understood the representations to mean that the Product contained a "Hint of Lime."

23.     Before purchasing the Product, Plaintiff reviewed information about the Product, including the fact that the Product was being sold for personal use, and not resale. When purchasing the Product, Plaintiff also reviewed the accompanying representation of the top of the Product's front label and understood it as a representation and warranty by Defendant that the Product contained a "Hint of Lime." Plaintiff relied on that representation and warranty in deciding to purchase Defendant's Product. Accordingly, this representation and warranty was part of the basis of the bargain, in that he would not have purchased the Product had he known this representation was not true. Here, Plaintiff did not receive the benefit of his bargain because Defendant's Product does not contain a "Hint of Lime." If Plaintiff knew the Product did not contain a "Hint of Lime", he would not have purchased it.

24.     Plaintiff did not expect the Product to contain no lime at all.

25.     Plaintiff is a layperson and not a food scientist or a regulatory specialist.

26.     Plaintiff and members of the Class suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices of Defendant set forth in this Complaint.

1  Plaintiff and members of the Class would not have purchased the Product had it been accurately
2  labeled.

3        27.    Defendant Frito-Lay North America, Inc., is a Delaware corporation with its
4  principal place of business located in Plano, Collin County, Texas.

5        28.    Defendant is the world's leading seller of corn and potato chips.

6        29.    The Tostitos brand is the best-selling brand of tortilla chips in the world.

7        30.    Based on current projections, sales of tortilla chips are on track to eclipse sales of
8  potato chips in 2025.

9        31.    The Product is sold in thousands of locations – grocery stores, drug stores, big box
10  stores, convenience stores, etc., and online, throughout California.

11  **FACTUAL ALLEGATIONS**

12  **I.     CHANGING CONSUMER CONSUMPTION HABITS**

13        32.    Consumers "are eating fewer meals, yet snacking more than ever."[1]

14        33.    Indulgence is "now a regular part of consumers everyday lives." Consumers may
15  seek snacks to engage in "healthy indulgence," which is "a treat with all the flavor and taste desired,
16  without the guilt of eating something 'bad' for you," due to the presence of ingredients associated
17  with positive health benefits.[2]

18        34.    Companies are increasingly emphasizing their additions of actual fruit ingredients to
19  make up for what is not consumed through traditional meals.[3]

20        35.    Limes are one of the fruits that consumers increasingly add to foods, and their
21  consumption has increased several hundred percent since 1990.

22        36.    The use of limes is especially significant in consumption of Mexican foods, such as
23  tortilla chips.

24  **II.    DEFENDANT FALSELY MARKETED THE PRODUCT AS CONTAINING A
25  "HINT" OF LIME**

26        37.    Defendant produces, processes, markets, labels and distributes the Product

27

28

---

[1] Elizabeth Louise Hatt, Snackin' in the sun, Winsight Grocery Business, May 1, 2013.
[2] FONA International, Trend Insight: Indulgence, November 28, 2018.
[3] Mondelez Global, State of Snacking: 2020 Global Consumer Snacking Trends Study.

throughout the U.S., including in the state of California.

38.     The Product is available in a variety of retail outlets, including stores such as Target and supermarkets, like Kroger.

39.     Defendant aggressively marketed the Product to consumers as containing a "Hint of Lime".

40.     To ensure uniformity, Defendant represented on the front and center of each and every one of the Product's packaging that it contained "Hint of Lime".

41.     In fact, on the Product, Defendant made the "Hint of Lime" representation in large, bold font on the front center of the Product that immediately catches the eye of the consumer, including Plaintiff and all proposed Class members.



42.     The other front label statement declares, "HERE'S ANOTHER HINT – SQUEEZE IN MORE FLAVOR WITH SOME SALSA!"



43.     By stating, "Here's Another Hint," Plaintiff and all reasonable consumers expect that the Product already contains a "Hint of Lime".

44.     The directive to "Squeeze In More Flavor [With Some Salsa!]" not only refers to the method by which lime is added to a food (*i.e.*, squeezing the ends of a wedge to express the juice),

but implies that the Product already contains lime as constituting the main portion of its flavor profile.

45.     Indeed, the front packaging contains an icon of a lime wedge displaying tortilla chips inside the wedge. It also showcases four droplets of apparent lime juice being "squeezed" from the lime wedge (as seen below) – resembling the picture-perfect "Hint of Lime" Product.

## III.     FRONT LABEL "DISCLAIMER" IS NOT VISIBLE AT POINT-OF-SALE

46.     The front label attempts a "disclaimer" in the lower left-hand corner, which states, "FLAVORED TORTILLA CHIPS."




47.     Federal and state regulations require that the front label, or principal display panel ("PDP"), contain a brief description of what a food is. *See* 21 C.F.R. § 101.3(b).

48.     "FLAVORED TORTILLA CHIPS" is the Product's statement of identity because it is the common or usual name of the food. *See* 21 C.F.R. § 101.3(b)(2).

49.     This is required to be "presented in bold type on the principal display panel, [and] in a size reasonably related to the most prominent printed matter on such panel, and [shall be] in lines generally parallel to the base on which the package rests as it is designed to be displayed." *See* 21 C.F.R. § 101.3(d).

50.     While "FLAVORED TORTILLA CHIPS" may be in bold type, it is not "in a size reasonably related to the most prominent printed matter on such panel," such as "HINT OF LIME," or "TOSTITOS."

51.     Plaintiff did not observe the statement, "Flavored Tortilla Chips," because this was not visible to him based on its minute size and placement at the bottom corner.

52.     Moreover, even if Plaintiff had observed the statement, the language of the disclaimer is unclear and ambiguous. It merely states, "Flavored" Tortilla Chips, instead of saying "Lime Flavored" Tortilla Chips. This purported disclaimer does not clearly define the nature of flavoring in the Product.

53.     Simply put, consumers, like Plaintiff and class members cannot see the miniscule disclaimer in the [grocery] aisle because it is abnormally smaller compared to the representations in large, bold font regarding the presence of lime.

54.     Given the prevalent "Lime" misrepresentation and the inconspicuous and ambiguous tiny disclaimer at the bottom of the Product's packaging, Defendant misleads consumers into believing that the Product actually contains lime. Yet, the Product contains no lime at all.

## IV.    INGREDIENTS LIST FAILS TO MENTION THE PRODUCT CONTAINS ANY LIME AT ALL

55.     The ingredient list fails to offer clarity to consumers who expect tortilla chips with an amount of lime greater than *de minimis*, because it lists a ambiguous "Natural Flavors," In the ingredients panel as shown below:



**INGREDIENTS:** Corn, Vegetable Oil (Corn, Canola, and/or Sunflower Oil), Maltodextrin (Made from Corn), Salt, Sugar, Natural Flavors, Dextrose, Sour Cream (Cultured Cream, Skim Milk), Whey, Spice, and Yeast Extract.

**CLASS ACTION COMPLAINT**

1

2   56.    As seen above, there is no mention of the key component, *lime (nor lime juice, lime*

3   *oil, or essence)*, anywhere in the ingredients list.

4   57.    For example, lime juice or lime oil is considered food because they are a source of

5   nutritive value.

6   58.    Lime flavor is the concentrated, compounded, synthesized and stripped-down

7   version of lime juice or lime oil, "whose significant function in food is flavoring rather than

8   nutritional." *See* 21 C.F.R. § 101.22(a)(3).

9   59.    Because lime juice or lime oil is not a separately identified ingredient, it means that

10   the presence of any real lime is as a flavoring and is a *de minimis* or a trace amount of the "Natural

11   Flavors."

12   60.    Further, Defendant engaged in label changes on its website in relation to its Product.

13   As seen below [and as not pictured on the Product above], Defendant added "(including natural lime

14   flavor)", which was not printed on or included within the ingredients list on the Product Plaintiff

15   and the proposed Class members purchased. Upon information and belief, Defendant implemented

16   this label change on its website after March 17, 2021, when Plaintiff sent and provided Defendant

17   with notice letters of Defendant's violations of the California Consumer Legal Remedies Act:

18

19

20   ## Ingredients                                      ⌄

21   Corn, Vegetable Oil (Corn, Canola and/or Sunflower Oil), Maltodextrin (made
       from Corn), Salt, Sugar, Natural Flavors (including natural lime flavor),

22   Dextrose, Sour Cream (Cultured Cream, Skim Milk), Corn Bran, Whey, Spice,
       and Yeast Extract.

23

24   61.    "Natural Flavors" is the term used where a mix of extractives and essences from

25   various fruits, along with additives and solvents, are combined in a laboratory.

26   62.    "Natural Flavors" fails to tell consumers that the Product has a negligible amount of

27   lime and that its "lime taste" is actually from non-lime ingredients.

28   63.    As such, Defendant knew or should have known that the "HINT OF LIME" and

"HERE'S ANOTHER HINT – SQUEEZE IN MORE FLAVOR WITH SOME SALSA!" claims prominently featured on the front of the label of the tortilla chips were not accurate and that the labeling, advertising and/or marketing was false and misleading.

64.    Nevertheless, Defendant falsely and misleadingly marketed, advertised, packaged and/or sold the tortilla chips to the general public as having a "HINT OF LIME".

65.    The only conceivable purpose for falsely and deceptively making these claims about the tortilla chips is to stimulate sales and enhance Defendant's profits.

66.    Consumers are particularly vulnerable to these kinds of false and deceptive labeling and marketing practices. Most consumers are unable to verify that products such as Defendant's tortilla chips are accurately labeled.

67.    As set forth above, the decision to purchase a product that has a "HINT OF LIME" is material to consumers.

68.    The difference between the tortilla chips promised and the tortilla chips sold is significant.

69.    Federal and state regulations require that where a food has a "characterizing" flavor, it must be disclosed so that consumers are not misled as to the source of that flavor. *See* 21 C.F.R. § 101.22(i).

70.    A careful reading of the regulations reveals that the word "FLAVORED TORTILLA CHIPS" is an implicit admission that the Product does not contain a "Hint of Lime".

71.    If the Product obtained its characterizing lime flavor only from its characterizing ingredient of limes, it would say "Lime Tortilla Chips." *See* 21 C.F.R. § 101.22(i)(1).

72.    The naked term "flavored" tortilla chips listed inconspicuously on the lower right corner of the Product in small lettering is ambiguous.

73.    As such, Defendant's labeling violates federal labeling regulations.

74.    Defendant's Lime Claims are intended to lead consumers into believing  that  the Product truly contains a "HINT" of lime.  Defendant directs these misrepresentations to consumers, like Plaintiff and the members of the Class, and Defendant intends that Plaintiff   and members of the Class read and rely on its representations.

75.     However, contrary to these representations, the Product does not contain lime, leaving Plaintiff and members of the Class having paid a premium for a Product that failed to provide the promised benefit.

**V.      RELIANCE AND ECONOMIC INJURY**

76.     Plaintiff saw and relied on the front label representations, which misleadingly states, "HINT OF LIME" "Here's Another Hint – Squeeze in More Flavor With Some Salsa," and includes a transparent cut-out of a lime wedge with several drops representing lime juice, and a green and yellow color pattern.

77.     Plaintiff sought to purchase a product with a materially greater amount of lime ingredients than what he received (which was no lime at all).

78.     Prior to each purchase of the Product, Plaintiff viewed the "HINT OF LIME" and "HERE'S ANOTHER HINT – SQUEEZE IN MORE FLAVOR WITH SOME SALSA" representations prominently featured on the Product's front label.

79.     Plaintiff expected that the tortilla chips would contain a "hint" of lime, which was depicted on the front label.

80.     Plaintiff did not expect there to be no lime at all.

81.     Plaintiff chose to purchase this Product over cheaper alternatives because the Product was prominently labeled and advertised as containing a "HINT OF LIME".

82.     Plaintiff would not have purchased the Product if he knew the representations were false and misleading.

83.     Plaintiff would not have purchased and consumed the Product had he known that it did not contain a "HINT OF LIME" and instead contained no lime.

84.     The Product costs more than similar products without misleading representations and if it wasn't for the misleading representations, the Product would have cost less.

85.     Plaintiff paid more for the Product than he otherwise would have, and would only have been willing to pay less, or unwilling to purchase it at all, absent the misleading representations.

86.     As a result of the false and misleading labeling, the Product is sold at a premium price, approximately $3.99-$4.29 for a 13 OZ (368.5g) bag, excluding tax, compared to other brands

11

of tortilla chips, for example, that are not falsely labeled and cost approximately $2.99 or less.

87.     Plaintiff is in the same Class as all other consumers who purchased Defendant's Product during the relevant time period. Plaintiff and the proposed Class Members were in fact misled by Defendant's misrepresentations with respect to its Product. Plaintiff and the proposed Class Members would have purchased other tortilla chip products, if any at all, if they had not been deceived by the misleading and deceptive labeling and advertising of this Product by Defendant.

## VII.    DEFENDANT'S MARKETING AND SALE OF ITS PRODUCT VIOLATES FEDERAL LAW

88.     Section 5(a) of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

89.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

90.     Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics. For the purposes of Section 12 of the FTC Act, 15 U.S.C. § 52, the tortilla chips are either "foods" or "drugs" as defined in Section 15(b) and (c) of the FTC Act, 15 U.S.C. §§ 55(b), (c). Under these provisions, companies must have a reasonable basis for making objective product claims.

91.     As alleged herein, Defendant has represented the Product as containing a "HINT OF LIME". However, this representation is false, deceptive, and misleading as the Product does not contain any amount(s) of lime [as shown on Defendant's ingredients list/label]. The making of such misrepresentations by Defendant constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## **CLASS ACTION ALLEGATIONS**

92.     Plaintiff brings this action pursuant to Fed. R. Civ. P. Rule 23(a), (b)(2) and (b)(3).

93.     Plaintiff seeks to represent All Persons residing in California who purchased the Product for personal, family or household purposes/consumption, and not for resale since June 24, 2015 (the "Class" or "California Class").

94.     The Class consists of thousands of persons, and joinder is impracticable.

95.     Common questions of law or fact predominate over any individual questions and include whether Defendant's representations and omissions were and are misleading and if Plaintiff and Class Members are entitled to injunctive relief and damages.

96.     Common questions of law and fact that affect Class members include, but are not limited to:

a)      Whether the Product, when used by consumers in a normal and customary manner and/or in accordance with Defendant's suggested use, works as advertised, marketed, and conveyed to consumers;

b)      Whether, in the course of business, Defendant represented that the Product has characteristics, uses, benefits, or qualities that it does not have when used by consumers in a normal and customary manner and/or in accordance with Defendant's suggested use;

c)      Whether the claims Defendant made and is making regarding the Product are unfair or deceptive; specifically, whether the Product was deceptively marketed as containing a "Hint of Lime" when it does not contain any actual lime;

d)      Whether Defendant knew at the time the consumer transactions took place that consumers would not receive the promised benefits of the Product that Defendant was claiming they would receive;

e)      Whether Defendant knowingly made misleading statements in connection with consumer transactions that reasonable consumers were likely to rely upon to their detriment;

**CLASS ACTION COMPLAINT**

f)    Whether Defendant knew or should have known that the representations and advertisements regarding the Product were unsubstantiated, false, and misleading;

g)    Whether Defendant has breached express and implied warranties in the sale and marketing of the Product;

h)    Whether Defendant's conduct violated public policy;

i)    Whether Defendant's acts and omissions violate California law;

j)    Whether Defendant has been unjustly enriched by the sale of the Product to the Plaintiff and the proposed Class Members;

k)    Whether Plaintiff and the proposed Class Members did not receive the benefit of their bargain when purchasing the Product;

l)    Whether Plaintiff and the proposed Class Members suffered monetary damages, and, if so, what is the measure of those damages; and

m)    Whether Plaintiff and the proposed Class Members are entitled to an injunction, damages, restitution, equitable relief, and other relief deemed appropriate, and, if so, the amount and nature of such relief.

97.    Plaintiff's claims and basis for relief are typical to other Class Members because all were subjected to the same unfair and deceptive representations and omissions.

98.    Plaintiff is an adequate representative because his interests do not conflict with other members. Plaintiff will fairly and adequately protect the interests of Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including food and beverage misleading class actions, and Plaintiff intends to prosecute this action vigorously.

99.    No individual inquiry is necessary since the focus is only on Defendant's practices and the Class is definable and ascertainable.

100.    Plaintiff and Class Members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm. Absent a class action, Class Members would likely find the cost of litigating

their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of Class Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

101.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect Class Members' interests adequately and fairly.

102.    Plaintiff seeks certification of a Class for injunctive relief under Rule 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Class.

103.    Plaintiff seeks certification of a Class under Rule 23(b)(3) because common issues predominate over questions affecting individual members and Defendant has acted or refused to act on grounds that apply generally to the Class.

104.    Plaintiff anticipates that this Court can direct notice to the Class, by publication in major media outlets and the Internet.

**CAUSES OF ACTION**
**COUNT I**
**Violation of California Unfair Competition Law**
**Cal. Bus. & Prof. §§ 17200, *et seq.***
**(On Behalf of the California Class)**

105.    Plaintiff incorporates all preceding paragraphs.

106.    Plaintiff brings this claim individually and on behalf of the Members of the proposed California Class against Defendant.

107.    California Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

108.    Defendant's representations and omissions are "unlawful" because they violate the Federal Food, Drug, and Cosmetic Act ("FFDCA") and its implementing regulations, including:

1.   21 U.S.C. § 343, which deems food misbranded when the label contains a statement that is "false or misleading in any particular," with "misleading" defined to "take[]

15

into account (among other things) not only representations made or suggested by statement, word, design, device, or any combination thereof, but also the extent to which the labeling or advertising fails to reveal facts material";

2. 21 U.S.C. § 321(n), which states the nature of a false and misleading advertisement;

3. 21 C.F.R. § 101.18(b), which prohibits true statements about food ingredients and descriptions that are misleading in light of the presence of other ingredients;

4. 21 C.F.R. § 101.22, which provides requirements to truthfully identify and disclose the source of a food or beverage's characterizing flavor; and

5. 21 C.F.R. § 102.5, which prohibits misleading common or usual names.

109.   Defendant's conduct is "unlawful" because it violates the California False Advertising Law ("FAL") and the Consumer Legal Remedies Act ("CLRA").

110.   Defendant's conduct violates the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Saf. Code section 109875, et seq. ("Sherman Law"), including:

1. Section 110100 (adopting all FDA regulations as state regulations);

2. Section 110290 ("In determining whether the labeling or advertisement of a food … is misleading, all representations made or suggested by statement, word, design, device, sound, or any combination of these, shall be taken into account.  The extent that the labeling or advertising fails to reveal facts concerning the food … or consequences of customary use of the food … shall also be considered.");

3. Section 110390 ("It is unlawful for any person to disseminate any false advertisement of any food…. An advertisement is false if it is false or misleading in any particular.");

4. Section 110395 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food … that is falsely advertised.");

5. Section 110398 ("It is unlawful for any person to advertise any food, drug, device,

or cosmetic that is adulterated or misbranded.");

6. Section 110400 ("It is unlawful for any person to receive in commerce any food … that is falsely advertised or to deliver or proffer for delivery any such food…."); and

7. Section 110660 ("Any food is misbranded if its labeling is false or misleading in any particular.").

111. Each of the challenged statements made and actions taken by Defendant violates the FFDCA, FAL, and Sherman Law, and therefore violates the "unlawful" prong of the UCL.

112. The false and misleading representations of the Product constitutes "unfair" business acts and practices because it is immoral, unscrupulous, and offends public policy.

113. The gravity of the conduct outweighs any conceivable benefit.

114. A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test. As set forth herein, Defendant's labeling and Product representations were false and likely to mislead or deceive the public.

115. The representations and omissions constitute "fraudulent" business acts and practices because they are false and misleading to Plaintiff and Class Members.

116. Defendant's representations and omissions are likely to deceive Plaintiff and Class Members about the presence of lime in its Product.

117. Defendant knew or reasonably should have known that its statements and omissions concerning the Product were likely to deceive consumers

118. Defendant profited from the sale of its falsely, deceptively, and unlawfully advertised and packaged "Hint of Lime" tortilla chips to unwary consumers.

119. Defendant leveraged its deception to induce Plaintiff and Class Members to purchase a product that was of lesser value and quality than what was advertised and promised.

120. Defendant's deceptive advertising caused Plaintiff and Class Members to suffer injury-in-fact and to lose money or property.

121. Defendant's actions denied Plaintiff and Class Members the benefit of the bargain when they decided to purchase the Product instead of other products that are less expensive and

actually contain lime.

122.    Had Plaintiff and Class Members been aware of Defendant's false and misleading advertising, they would not have purchased the Product at all, or would have paid less than what they did.

123.    In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

124.    Plaintiff seeks an order for the disgorgement and restitution of all monies from the sale of the Product that was unjustly acquired through such acts of unlawful, unfair and/or fraudulent competition.

**COUNT II**
**California False Advertising Law**
**Cal. Bus. & Prof. Code § 17500 ("FAL")**
**(On Behalf of the California Class)**

125.    Plaintiff incorporates all preceding paragraphs.

126.    Plaintiff brings this claim individually and on behalf of the Members of the proposed California Class against Defendant.

127.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

128.    California False Advertising Law (Cal. Business & Professions Code sections 17500 and 17508) prohibits "mak[ing] any false or misleading advertising claim."

129.    Defendant makes "false [and] misleading advertising claim[s]," by deceiving consumers as to the absolute and relative amounts of lime included in its Product.

130.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

131.    As alleged herein, the advertisements, labeling, policies, acts, and practices of

18

**CLASS ACTION COMPLAINT**

Defendant relating to the ingredient supply, product manufacturing, and oversight of its Product misled consumers acting reasonably, as stated above.

132.    In reliance on the false and misleading advertising, Plaintiff and Class Members purchased and consumed the Product without the knowledge it contained no lime.

133.    Defendant knew or should have known that its representations and omissions were likely to deceive consumers.

134.    Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Product in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

135.    Defendant profited from the sale of its falsely and deceptively advertised "Hint of Lime" tortilla chips to unwary consumers.

136.    As a result, Plaintiff and Class Members are entitled to injunctive and equitable relief, restitution, and seek an order for the disgorgement of the funds by which Defendant was unjustly enriched.

**COUNT III**
**Breach Of Express Warranty**
**(On Behalf of the California Class)**

137.    Plaintiff incorporates all preceding paragraphs.

138.    Plaintiff brings this claim individually and on behalf of the Members of the proposed California Class against Defendant.

139.    Defendant sold and Plaintiff and the proposed Class Members purchased "Hint of Lime" tortilla chips under the Tostitos brand.

140.    Defendant represented in its marketing, advertising, and promotion of the Product that it contained a "Hint of Lime".

141.    Defendant made such representations to induce Plaintiff and the proposed Class Members to purchase its food.

142.    The representations that the tortilla chips contain a "Hint of Lime" was a part of the basis of the bargain between Defendant and Plaintiff.

143.    Defendant's Product did not conform to Defendant's representations and warranties because it contained no lime.

144.    Within a reasonable time after Plaintiff and other similarly situated consumers knew or should have known of such failure to conform, Plaintiff's counsel sent a demand letter to Defendant on March 17, 2021, which was received by Defendant shortly thereafter, respectively. The demand letter outlined Defendant's misconduct, including that Defendant misrepresented the contents of the Product regarding its lime composition. Such conduct constitutes a breach of Defendant's express warranty. Defendant failed to provide the relief demanded in Plaintiff's letter.

145.    As a direct and proximate result of Defendant's breaches of its express warranty and failure of Defendant's tortilla chips to conform to its representations as warranted, Plaintiff and the proposed Class Members have been damaged in that they did not receive the Product as specifically warranted and/or would not have purchased (or paid a premium) for Defendant's Product that did not conform to Defendant's warranties.

## COUNT IV
### Breach Of Implied Warranty Of Merchantability
### (On Behalf of the California Class)

146.    Plaintiff incorporates all preceding paragraphs.

147.    Plaintiff brings this claim individually and on behalf of the Members of the proposed California Class against Defendant.

148.    Defendant sold and Plaintiff and the proposed Class members purchased "Hint of Lime" tortilla chips under the Tostitos brand.

149.    When sold by Defendant, the Product was not merchantable, did not pass without objection in the trade under the label description, was not of adequate quality within that description, was not fit for the ordinary purposes for which such goods are used, and did not conform to the promises or affirmations of fact made on its bag or label.

150.    Within a reasonable time after Plaintiff and other similarly situated consumers knew or should have known of such failure to conform, Plaintiff's counsel sent a demand letter to Defendant on March 17, 2021, which was received by Defendant shortly thereafter, as stated in their reply letter dated April 19, 2021. The demand letter outlined Defendant's misconduct, including that

Defendant misrepresented the contents of its Product regarding its lime composition. Defendant failed to provide the relief demanded in Plaintiff's letter.

151.    Such conduct as described in the notice letter (and as alleged in this Complaint) constitutes a breach of Defendant's implied warranty.

152.    Because the Product contains no lime, it could not have been classified as having a "hint of lime".

153.    As a direct result of the Product being unfit for its intended purpose and/or otherwise not merchantable, Plaintiff and the proposed Class members were damaged because they would not have purchased (or paid a premium) for Defendant's Product had they known the true facts regarding the ingredients.

**COUNT V**
**Unjust Enrichment**
**(On Behalf of the California Class)**

154.    Plaintiff incorporates all preceding paragraphs.

155.    Plaintiff brings this claim individually and on behalf of the Members of the proposed California Class against Defendant.

156.    Plaintiff and Class Members conferred benefits on Defendant by purchasing its "Hint of Lime" tortilla chips at a premium price.

157.    Defendant has knowledge of such benefits.

158.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members purchasing "Hint of Lime" tortilla chips. Defendant retaining this money under these circumstances is unjust and inequitable because Defendant falsely and misleadingly omitted the Product's lime ingredients.  Such omissions and misrepresentations caused injuries to Plaintiff and Class Members because they would not have purchased (or paid a premium) for Defendant's "Hint of Lime" tortilla chips had they known the true facts regarding the relative amount and quantity of lime ingredients.

159.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and Class Members, who seek restitution and disgorgement of inequitably obtained profits.

**CLASS ACTION COMPLAINT**

160.    Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for unjust enrichment, as ordered by the Court.

## COUNT VI
### California Consumers Legal Remedies Act
### Cal. Civ. Code § 1750, *et seq*. ("CLRA")
### (On Behalf of the California Class)

161.    Plaintiff incorporates all preceding paragraphs.

162.    Plaintiff brings this claim individually and on behalf of the Members of the proposed California Class against Defendant.

163.    Defendant has violated, and continues to violate, the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA") in at least the following respects:

164.    a.    in violation of Section 1770(a)(4), Defendant has used deceptive representations with respect to the Product;

165.    b.    in violation of Section 1770(a)(5), Defendant has represented that the Product has characteristics and benefits it does not have;

166.    c.    in violation of Section 1770(a)(7), Defendant has represented that the Product is of a particular standard when it is not; and

167.    d.    in violation of Section 1770(a)(9), Defendant has advertised the Product with an intent not to sell it as advertised.

168.    Plaintiff and the California Class suffered economic injury as a direct and proximate result Defendant's violation because (a) they would not have purchased the Product on the same terms if they knew that the Product had been falsely labeled as alleged herein and (b) the Product did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

169.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers.

170.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

171.    On or about March 17, 2021, prior to filing this action, a CLRA notice letter was

**CLASS ACTION COMPLAINT**

served on Defendant that complies in all respects with California Civil Code § 1782(a). Plaintiff Ortega sent Defendant a letter via UPS mail advising Defendant that it is in violation of the CLRA and demanding that Defendant ceases and desists from such violations and makes full restitution by refunding the monies received therefrom. Defendant failed to provide the relief demanded in Plaintiff's letter.

172.    On behalf of himself and other Members of the California Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein and to recover actual damages, restitution, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and Members of the proposed Class, seeks a judgment against Defendant as follows:

A.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil procedure and naming Plaintiff as representative of the Class, and designating Plaintiff's counsel as Class Counsel to represent the Class Members;

B.    For an order declaring that Defendant's conduct violated the statutes referenced herein;

C.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order of restitution and all other forms of equitable monetary relief; and

G.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

**CLASS ACTION COMPLAINT**

Dated:    August 25, 2021

Respectfully submitted,

*/s/ Jonathan Shub*

Jonathan Shub (CA Bar No. 237708)
Kevin Laukaitis*
**SHUB LAW FIRM LLC**
134 Kings Hwy E Fl 2
Haddonfield, NJ 08033
T: (856) 772-7200
jshub@shublawyers.com
klaukaitis@shublawyers.com

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan*
60 Cuttermill Rd Ste 409
Great Neck, NY 11021
T: (516) 268-7080
spencer@spencersheehan.com

\**Pro Hac Vice* Application Granted,
Pending or Forthcoming

24